**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-cv-199-FDW-DSC**

| | |
|---|---|
| **BEAZER HOMES USA, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**TITAN TECHNOLOGY PARTNERS,** )<br>**LIMITED d/b/a TITAN GS,** )<br>)<br>**Defendant.** ) | **PROTECTIVE ORDER** |

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER." To the extent the confidential information is electronically stored information, the physical media in which the electronically stored information is delivered or produced shall be stamped "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2. All deposition transcripts form depositions taken in this action shall be deemed confidential for thirty (30) days after service of a copy of said deposition transcript. Exhibits used at depositions and previously produced in this litigation shall retain their prior designation,

if any, without further action. Exhibits used at the deposition that have not been previously produced ("Newly Produced Exhibits") shall be deemed confidential for thirty (30) days after service of a copy of said deposition transcript unless the producing party stipulates otherwise on the record. Any deponent or party shall, within thirty (30) days after receipt of the transcript, designate by page and line or exhibit description, those portions of the transcript and Newly Produced Exhibits which will be deemed confidential. If no such designation is served within the thirty-day period, the deposition transcript and Newly Produced Exhibits shall not be deemed to contain confidential information as those terms are used in this Protective Order, except that documents previously designated confidential need not be redesignated but instead shall retain their confidential designation.

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

5. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

e. The Court or the jury at trial or as exhibits to motions.

6. Prior to disclosing or displaying the confidential information to any person that is authorized to receive confidential information pursuant to this Protective Order counsel shall:

a. Inform the person of the confidential nature of the information or documents; and

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

8. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon

motion and in accordance with applicable law.  This Protective Order does not provide for the automatic sealing of such documents.

9. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

11. Inadvertent production of confidential material without the proper designation shall not be deemed a waiver of confidentiality, provided that the designating party notifies in writing the parties to whom disclosure or production was made that such disclosure or production was inadvertent. Upon notification, the receiving party shall treat the material as confidential pursuant to the terms of this Order.

12. Inadvertent production of attorney client, work product, or other privileged material shall not be deemed a waiver of the applicable privilege, provided that the producing party notifies in writing the parties to whom disclosure was made that such disclosure or production was inadvertent. Upon notification, all receiving parties shall immediately return the inadvertently produced material, and all copies thereof, to the producing party.

13. This Protective Order is applicable to non-parties such that they may resort to the protections afforded in this order without the necessity of further motion practice.

**SO ORDERED**.

Signed: December 19, 2013

David S. Cayer
United States Magistrate Judge

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-cv-199

| | |
|---|---|
| **BEAZER HOMES USA, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CERTIFICATION** |
| ) | |
| **TITAN TECHNOLOGY PARTNERS,** ) | |
| **LIMITED d/b/a TITAN GS,** ) | |
| ) | |
| **Defendant.** ) | |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:
(Attorney)